sound and honest one. There is nothing in the proofs submitted in this case which justifies the slightest suspicion against the integrity and good faith of the executors. The fact that the judgment of others upon the question of the mental and physical condition of the son differed from that of the executors is quite immaterial, for it was not upon their judgment but upon that of the executors that the testator saw fit to rely. The condition upon which the son was entitled to receive the *corpus* of the fund having failed the gift over to the residuary legatee became effective, and upon James Herbert's death she was entitled to have it paid to her.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON—10.

*For reversal*—None.

---

BLANCHE CHETWOOD et al., appellants,

*v.*

BRADBURY C. CHETWOOD et al., respondents.

[Decided May 9th, 1913.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, whose opinion is reported *ante p. 296*.

*Messrs. Cortlandt & Wayne Parker*, for the appellants.

*Mr. Bradbury C. Chetwood*, for the respondents.

*11 Buch.* Chetwood *v.* Chetwood.

PER CURIAM.

The ·decree under review herein should be affirmed, for the reasons expressed in the opinion in the court of chancery by, Vice-Chancellor Stevens.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—12.

*For reversal*—None.